**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAEID DOUSTI,<br><br>  2541 Avermore Pond Road<br>  Charlottesville, VA 22911<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>Serve: Office of the General Counsel<br>       Department of Homeland Security<br>       Mail Stop 3650<br>       Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br><br>Serve: U.S. Citizenship & Immigration<br>       Services<br>       425 I. Street, N.W., Room 6100<br>       Washington, D.C. 20536<br><br>KIRSTJEN NIELSEN, Secretary of the<br>Department of Homeland Security,<br><br>Serve: Office of the General Counsel<br>       Department of Homeland Security<br>       Mail Stop 3650<br>       Washington, D.C. 20528<br><br>THOMAS CULLEN, United States<br>Attorney of Western District of Virginia<br><br>Serve:  US Attorney's Office<br>        255 W Main St,<br>        Charlottesville, VA 22902 | Case No. 1:18-cv-00392 – DLF<br><br>**MOTION TO REOPEN**<br><br>Noted: October 23, 2019<br><br>*Let this be filed 11/4/19* |

*RECEIVED OCT 23 2019 Clerk, U.S. District and Bankruptcy Courts*

1

| | |
|---|---|
| WILLIAM BARR, Attorney General of the United States, | |
| Serve:  William Barr<br>        Attorney General<br>        Department of Justice<br>        950 Pennsylvania Ave., NW<br>        Washington, D.C. 20530 | Case No. 1:18-cv-00392<br><br>**MOTION TO REOPEN** |
| KENNETH T. CUCCINELLI, Director of the U.S. Citizenship & Immigration Services, | Noted: October 23, 2019 |
| Serve: U.S. Citizenship & Immigration<br>       Services<br>       425 I. Street, N.W., Room 6100<br>       Washington, D.C. 20536 | |
| DONALD NEUFELD, Associate Director, Service Center Operation at the U.S. Citizenship & Immigration Services | |
| NANCY CORTEZ, officer#: XM1243; | |
| Serve: U.S. Citizenship & Immigration<br>       Services, Texas Service Center<br>       PO Box 852841<br>       Mesquite, TX 75185 | |
| KIM ZANOTTI, Field Office Director of the Virginia-Washington Field Office of the United States Citizenship and Immigration Services, | |
| Serve: Ms. Kim Zanotti<br>       USCIS<br>       2675 Prosperity Avenue<br>       Fairfax, VA 22031 | |
| And | |
| CHRISTOPHER WRAY, Director of the Federal Bureau of Investigation, | |
| Serve: Christopher Wray<br>       FBI Headquarters<br>       935 Pennsylvania Ave., NW<br>       Washington, DC 20535-0001 | |
| Defendants. | |

2

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION FOR IMMIGRANT PETITION FOR ALIEN WORKER AND ADJUSTMENT OF STATUS

COMES NOW Plaintiff Saeid Dousti (also Dr. Dousti) to respectfully request that this Honorable Court and Judge to reopen the writ of mandamus case compelling Defendants to approve his application for immigrant petition for alien worker and adjustment of status form I-485. USCIS Texas service Center rendered the court case moot by revoking the Plaintiff's approved I-140 application for immigrant petition for alien worker case and subsequently denying his I-485 application for adjustment of status on August 13, 2018. As of September 20, 2019, the mentioned I-140 is reapproved subsequent to USCIS Administrative Appeals Office order, and Texas service center has refused to reopen and adjudicate the Plaintiff's application for adjustment of status, form I-485.

**\*\*\* Plaintiff pursues this case as Pro Se without the representation of the original attorney of record due to the financial hardship which disables him from affording attorney fees. \*\*\***

## A BRIEF HISTORY OF THE CASE[1]

1.  This lawsuit challenges the USCIS Texas Service Center and Officer XM1243's (Nancy Cortez) unlawful refusal to reopen and adjudicate Plaintiff's application for adjustment of status (Form I-485), and illegally prohibited him from upgrading his immigration status to that of lawful permanent resident, despite his eligibility to do so since June 2016 (for more than 40 months).

2.  Plaintiff is a citizen of Iran, a predominantly-Muslim country.

---

[1] Refer to the accompanied chart for graphical assistance with important dates.

3

3.      Plaintiff came to the U.S. to study. He obtained his PhD at the University of Virginia in Mechanical and Aerospace Engineer and he holds the President position at Rotor Bearing Solutions International, an engineering firm in Virginia engaged in consulting, research and development.

4.      After finishing his studies at the University of Virginia, Plaintiff filed a Petition for Alien Worker (I-140). Plaintiff submitted his application in the EB-2 category and sought a National Interest Waiver based upon his academic (e.g., journal and conference publications cited 51 times at the time of filing in May 2016 and 145 as of now) and professional accomplishments (e.g., mechanical engineering software packages and consultation for American and international companies). The priority date for the I-140 is May 6, 2016. USCIS approved Plaintiff's I-140 in approximately six weeks under the *NYSDOT* framework[2]. USCIS approved the I-140 on June 20, 2016 for the first time.

5.      Plaintiff also filed an application for adjustment of status (I-485) in June 2016. Federal law allows foreign nationals to adjust status to that of lawful permanent resident with an either approved or pending I-140 petition. USCIS issued a receipt notice for the I-485 dated June 14, 2016. Plaintiff successfully completed his biometrics appointment.

6.      USCIS refused to adjudicate Plaintiff's application in accordance with applicable legal criteria. Instead, USCIS applied different rules under a policy known as the Controlled Application Review and Resolution Program ("CARRP"), which resulted in the agency refusing to adjudicate Plaintiff's application.

---

[2] The Administrative adjudications office of USCIS issued a precedent on December 27, 2016, which is an administratively binding decision of *Matter of Dhanasar*. It revised and replaced the previous NIW petition criteria known as *NYSDOT* analytical framework by expanding its narrow grounds to a broader perspective. Mr. Dhanasar was an aerospace engineer engaged in research and teaching with lower credentials compared to the Plaintiff.

4

7. Plaintiff made repeated requests to USCIS to have his case adjudicated.

8. Plaintiff notified Congressman Thomas Garrett who looked into the matter and informed Plaintiff that his case was being held due to pending "background checks."

9. Plaintiff made repeated service requests to USCIS, but to no avail.

10. Plaintiff made repeated service requests to USCIS, but to no avail.

11. Plaintiff contacted the USCIS Ombudsman and asked for his intercession. This led to no progress in the adjudication of Plaintiff's case.

12. Despite these efforts, the Defendants did take no action on Plaintiff's pending adjustment application.

13. On February 21, 2018, Plaintiff filed a writ of mandamus in federal court requesting that his I-485 be processed in a timely manner.

14. Within a month, on March 20, 2018, in a retaliatory act, USCIS appeared to have begun the process of revoking Dr. Dousti's I-140 approval.

15. To dismiss the court case, on May 1, 2018, Officer Nancy Cortez (#XM1243) issued a notice of an intend to revoke (NOIR) of Plaintiff's approved I-140 with the provision of expedited processing using a special mandamus cover sheet.

16. The issued NOIR (Exhibit 1) demonstrated an arbitrary and capricious application of law which was vastly inaccurate and baseless in its argument among which are:

   i. Officer Nancy Cortez (#XM1243) questionably applied the *Matter of Dhanasar* to revoke the Plaintiff's approved case under the *NYSDOT* analytic framework.

   ii. Even in her wrongful application of the Matter of Dhanasar, Officer Nancy Cortez (#XM1243) applied a fundamentally incorrect

interpretation of the first Dhanasar prong. The first prong of Dhanasar concerns the beneficiary's proposed endeavor, or the activity that the beneficiary proposes to undertake professionally in the United States. In the first Dhanasar prong, USCIS must evaluate whether that activity has substantial merit or national importance. The beneficiary's qualifications or the beneficiary's capacity to successfully undertake the activity in question is the subject of the second Dhanasar prong, not the first. Dr. Dousti's field as a phd holder in the field of mechanical and aerospace engineering matches with Mr. Dhanasar's field of endeavor established as the guideline framework of EB2-NIW qualification test and clearly passes this test.

iii. **Officer Nancy Cortez (#XM1243) of USCIS repeatedly claimed the Plaintiff's citation records were 17 at the time of filing. The correct citation count was 51 at the time of filing more than 90% of the published paper in the field[3] and in either case vividly more than the 4 citation count of Mr. Dhanasar at the time of filing.**

iv. Officer Nancy Cortez (#XM1243) of Texas service center rejected and ignored the supporting letter of recommendation issued by a Panasonic incorporation engineer testifying to Plaintiff's expertise and impact in the field by wrongfully applying the Matter of Dhanasar's prong to his academic qualifications while he was only testifying to Dr.

---

[3] The evidences of such claims were presented to USCIS at the time of filing, in response to NOIR and also to the administrative appeals office (AAO).

Dousti's expertise as expert in the field of mechanical engineering and not as immigration benefit seeker. [4]

17. On May 21, 2018, Dr. Dousti's submitted his response to NOIR arguing and demonstrating the followings by providing clear evidences:

i. Dr. Dousti has been cited more often that the petitioner in the Dhanasar case, and his is among the top 1% most cited researchers in the field;

ii. Dr. Dousti's work has been implemented by multibillion dollar corporations;

iii. Dr. Dousti's work has been used by his peers to advance the field;

iv. Dr. Dousti continues to advance the proposed endeavor through his current work; and

v. On balance, it would benefit the US to waive the requirement of a job offer.

18. Despite plaintiff's articulated response to the raised NOIR, Officer Nancy Cortez (#XM1243) of Texas service center revoked the approved I-140 on July 2, 2018 with the intent to render a federal court case moot (Exhibit 2).

19. On July 13, 2018 plaintiff filed an appeal to Administrative Appeals Office (AAO) of USCIS.

20. It is a common USCIS practice that once an appeal is filed for the revoked underlying case, here I-140 application, the subsequent application, here I-485 application, to be held pending until the appeal decision is made. In the Plaintiff's case,

---

[4] The extensive detailed responses to both NOIR and revocation letter are attached to this letter as reference evidence.

Texas service center of USCIS denied the application for adjustment status on August 13, 2018. This led to the dismissal of the court case filed on Feb 21, 2018.

21. On August 31, 2018, Plaintiff filed a new I-140 application and a subsequent new I-485 application.

22. On March 20, 2019, the administrative appeals office identified the revocation of the approved I-140 case with the Matter of Dhanasar erroneous and ordered as follows (Exhibit 3):

> *"We are remanding the petition for the Director to apply the NYSDOT analytical framework to determine whether the Petitioner has established eligibility for the benefit sought, or whether there is good and sufficient cause to issue a new NOIR. The decision of the Director is withdrawn. The matter is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision which, if adverse, shall be certified to us for review."*

23. Since the AAO's remand decision, Texas service center had refused to take actions on the Plaintiff's either 2016 or 2018 applications.

24. Plaintiff and his attorney have contacted USCIS by phone multiple times, to no vail.

25. Plaintiff made repeated service requests to USCIS (Exhibit 4), but to no avail. In all the attempts a template response is issued that the case is currently under review and will be adjudicated in 60 days.

26. Plaintiff contacted the USCIS Ombudsman and asked for his intercession. This led to no progress in the adjudication of Plaintiff's case.

27. On August 27, 2019, plaintiff sent a notice to USCIS Texas Service Center notifying them of his intend to pursue legal actions against them for their refusal to follow AAO's order (Exhibit 5).

28. On September 20, 2019, Officer Nancy Cortez of USCIS Texas Service Center issued a totally confusing letter revealing her intentions to deny Plaintiff's I-140 without any clear explanation and without following the higher office's order, i.e., AAO (Exhibit 6). This notice is a clear evidence of Officer Nancy Cortez's (#XM1243) retaliatory attitude towards Plaintiff's legal requests.

**29.** Despite Officer Nancy Cortez's (#XM1243) hostile letter, **on September 20, 2019, Texas Service Center of USCIS approved plaintiff's I-140 application for immigrant petition for alien worker case again for the SECOND time (Exhibit 7).**

30. On September 30, 2019, plaintiff contacted USCIS tier 2 officer, Officer Gordy on the phone (contact call confirmation #07999768) requesting his denied I-485 application for adjustment status to be reopened. Officer Gordy confirmed that this case was eligible for reopening and reconsiderations, and directed a service request to USCIS Texas Service Center and ordered them to reopen Plaintiff's I-485 case in 30 days.

31. On October 17, 2019, USCIS Texas Service Center responded with only an informative note that the Plaintiff's I-485 form case is denied and refused to follow Officer Gordy's order to reopen the case.

32. On October 18, 2019, the plaintiff contacted USCIS tier 2 officer, Officer Trent (contact call confirmation #0305168). She indicated that no new service requests can be placed until 30 days are passed.

33. As of now, USCIS has refused to reopen the I-485 application to adjustment of status of the Plaintiff.

## FACTUAL SUMMARY AND CONCERNS

34. Plaintiff's I-140 has been approved by USCIS twice so far.

35. Texas Service Center of USCIS has refused to adjudicate Plaintiff's newly refiled applications for more than one year.

36. The revocation of I-140 was not initiated until Plaintiff attempted to seek relief via court order. The revocation was a retaliatory action on Officer Cortez's part to dismiss the court case. Her revocation motion was found baseless and reversed by USCIS higher officer (AAO). Based on the plaintiff's attorney records, she had exhibited similar unlawful actions toward a few other Iranian applicants' as well.

37. Texas Service Center of USCIS and Officer Cortez disobeyed AAO's order for six months and she even issued a baseless retaliatory denying letter on September 20, 2019 in contrary to AAO's order (Exhibit 6).

38. The I-140 case originally filed in 2016 is approved again (Exhibit 7).

39. USCIS Texas Service Center and Officer Nancy Cortez has refused to reopen the plaintiff's I-485 the application for adjustment of status.

**40.     Plaintiff is DEEPLY concerned that Officer Cortez (#XM1243) would illegally revoke his I-140 application again to implement her threating letter (Exhibit 6).**

## JURISDICTION AND VENUE

41.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 *et seq.*, and the APA, 5 U.S.C. § 701 *et seq.*, in conjunction with the Mandamus Act, 28 USC § 1361.

42.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants DHS, USCIS, Cuccinelli, Nielsen, Wray and Sessions maintain offices within this judicial district.

## LEGAL FRAMEWORK

38.     Plaintiff is eligible to adjust status to permanent residence under INA §245(a), 8 U.S.C. §1255.

39.     Considering the **TWICE** approval of the plaintiff's I-140 form, Plaintiff is requesting the Honorable court to block the Texas Service Center of abusing the revocation as a mean to dismiss the plaintiff's legal request to upgrade his status to a permanent resident. This is a clear indication that USCIS has found the Plaintiff eligible for sought status. This should not be interpreted as Plaintiff's request from the court to evaluate his credentials to his eligibility for I-140. Plaintiff's I-140 case has been approved **TWICE** by USCIS by its two different offices previously.

40.     Defendants' delay in adjudicating these applications is producing a hardship on Plaintiff, including the need to obtain repeat work authorizations, difficulty in

dealing in state driver's license matters, and uncertainty to be able to return back it the US upon international trips. The Defendants' failure to act also impacts the ability of Plaintiff to eventually apply for naturalization and/or apply to bring family members to the United States, if applicable.

41. Plaintiff is unable to resolve this matter through administrative channels or otherwise, and mandamus and APA relief are the only viable means of obtaining the adjudication of Plaintiff's application.

42. Defendants' delay in adjudicating these applications for 40 months is unreasonable in relation to their stated processing times for like application.

43. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(l) (West 2007).

44. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361 (West 2007).

45. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiff's application for lawful permanent residence filed more than a year and eight months ago, thereby depriving Plaintiff of his right to the benefit of unrestricted U.S. permanent residence.

45. Defendants owe Plaintiff the duty to act upon his application and have unreasonably failed to perform these duties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Prevent USCIS from abusing the repeated revocation of I-140 as a mean to dismiss the court case.

2. Approve the plaintiff's application for adjustment of status and backdate his permanent resident card to June 23, 2016.

3. Award Plaintiff with refiling and attorney fees imposed on him due to USCIS unreasonable delays in conducting its duties; and

5. Grant any other relief that this Court may deem fit and proper.

RESPECTFULLY SUBMITTED

this 23rd day of October, 2019

Dr. Saeid Dousti
PLAINTIFF
President of Rotor Bearing Solutions International
Saeid.dousti@rotorsolution.com
4342499177