UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIED DOUSTI,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civ. A. No. 18-0392 (DLF) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
REOPEN AND MOTION FOR STAY OF PROCEEDINGS**

Through the Complaint in the Nature of Mandamus that initiated this action, Plaintiff sought the issuance of a writ of mandamus to compel Defendants to adjudicate his Application for Adjustment of Status ("I-485 Application").  Compl., Feb. 21, 2018 (ECF No. 1).  After U.S. Citizenship and Immigration Services ("USCIS") issued what undersigned counsel understood from USCIS to be a final decision denying Plaintiff's I-485 Application on July 6, 2018, Defendants moved to dismiss the Complaint for lack of jurisdiction, arguing that USCIS's final adjudication of the I-485 Application mooted this action.  ECF No. 9.

By Minute Order dated October 3, 2018, this Court granted Defendants' Motion and dismissed the case for lack of subject matter jurisdiction.  The Court treated the Motion as conceded because Plaintiff never filed an opposition.

On November 4, 2019, which was more than one year after the Court entered a final Order dismissing this action, Plaintiff, now proceeding *Pro Se*, filed a "Motion to Reopen." See ECF No. 15.  In the Motion to Reopen, Plaintiff asks the Court to reopen his case and allow him to file a Supplemental Complaint with new allegations pertaining to the Agency's

adjudication (or non-adjudication) of both the original I-140 and I-485 Applications that were the subject of the original Complaint as well as new I-140 and I-485 Applications that Plaintiff filed during the pendency of the now-dismissed lawsuit.

As explained below, to the extent Plaintiff seeks to reopen the case to supplement the original Complaint with new allegations and claims relating to the new I-140 and I-485 Applications that Plaintiff submitted to USCIS after he filed the original Complaint that initiated this District Court action, Defendants oppose the request. Plaintiff cannot seek relief from a final judgment based on transactions and occurrences and claims that were never at issue in the original action. But to the extent that Plaintiff requests relief from the Court's dismissal order based on USCIS's ongoing adjudication of the original I-140 and/or I-485 Applications, Defendants do not oppose a reopening of the case because Defendants acknowledge that they have made mistakes in the Agency's processing of Plaintiff's Applications  In addition, Defendants put an argument into its dispositive motion based on incomplete and incorrect information from the Agency that it should not have made which resulted in an improper or at least premature dismissal of the case.

**Argument**

There is no such thing in the Federal Rules of Civil Procedure ("Rules") as a "Motion to Reopen" a dismissed action. Accordingly, Defendants construe Plaintiff's filing as a Motion for Relief from a Final Judgment or Order under Rule 60(b). Rule 60(b) codifies the Court's inherent, discretionary power to set aside judgments where enforcement would produce an inequity. *See Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015). Because upsetting a settled judgment clashes with the principles in favor of finality, relief under Rule 60(b) is considered extraordinary, awarded only sparingly, and only when exceptional circumstances prevented acting sooner. *See Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018); *Keane v. HSBC Bank*

*USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017); *Lismont v. Alexander Binzel Corp.*, 813 F.3d 998, 1002 (Fed. Cir. 2016).  Rule 60(b) provides five specified reasons for which relief may be granted and a sixth catch-all category.

In the proposed Complaint that accompanies Plaintiff's Motion to Reopen, Plaintiff alleges that in July 2018 he had filed an appeal with the Administrative Appeals Office ("AAO") of USCIS.  Compl. ¶ 19 (ECF No. 15 at 7).  Defendants' counsel looked into the matter in the course of preparing this Response, and confirmed that this is correct.  Unfortunately, it was not brought to the undersigned's attention prior to the filing of Defendant's dispositive motion on September 5, 2018, that USCIS was still actively engaged with adjudicating an administrative appeal.  If USCIS had brought it the undersigned's attention at the time that it was still adjudicating the case, Defendants would not have filed a dispositive motion seeking dismissal of the case on account of a final decision by the Agency, which Defendant improperly argued mooted the claims in this action.  Instead, Defendant likely would have sought dismissal or, alternatively, requested a stay of proceedings or extension, on the ground that the Agency was still adjudicating the matter and a decision was unripe for judicial review.

On March 20, 2019, the AAO issued its decision on the administrative appeal.  The AAO decided to remand the matter to the USCIS Texas Service Center.  *See* Compl. ¶ 22.  Further compounding the problems in this case, USCIS appears to have committed several processing errors in the processing of Plaintiff's Applications since the AAO remanded the matter to the Texas Service Center in March 2019.  It appears that on at least two occasions on or about September 20, 2019, and October 23, 2019, USCIS's service center issued notices of intent to revoke that were contradictory to approval notices that were also issued around the same time, if not the very same day.  It is unclear what caused these problems as USCIS is still investigating

what happened, but USCIS acknowledges that it appears to have sent Plaintiff at least two notices in error. *See* Compl. ¶ 28. Defendants very much regret the confusion and inconvenience these problems have caused and wish to remedy these errors as quickly as possible.

Yesterday, November 21, 2019, USCIS issued a new Notice of Approval on Plaintiff's original I-140 Application. *See* Ex. 1 hereto. Also yesterday, USCIS moved to reopen the original I-485 Application based on the same-day Approval Notice. *See* Ex. 2 hereto. This places Plaintiff's original I-485 Application back into pending status.

Although Defendants recognize that Courts grant relief from a final judgment only sparingly and Defendants would ordinarily oppose this type of request, Defendants do not oppose it in this case based on the above circumstances that appear to demonstrate at the very least "mistake, inadvertence, surprise, or excusable neglect" on the part of Defendants in the processing of Plaintiff's Applications and arguments made in their dispositive motion based on the finality of a decision that was still under review by the AAO as well as "newly discovered evidence" that should void the Court's dismissal.

Although Defendants do not oppose the reopening of this matter, Defendants request that the case be stayed for at least the next 60 days, so that USCIS can complete its adjudication of the original I-485 Application, which as explained above is now back into a pending status as of November 21. Defendants oppose Plaintiff's request to reopen this matter to the extent the supplemental allegations and/or claims pertain to new I-140 and I-485 Applications that post-dated the original Complaint and which were never at issue in this action. If Plaintiff intends to challenge USCIS's failure to adjudicate his new I-485, he should bring a new action, not reopen

the old one.  That said, in light of the above circumstances USCIS will make every reasonable effort to expedite a decision on the new I-140/I-485 applications as well.

## Conclusion

For the foregoing reasons, Defendants do not oppose Plaintiff's request to reopen the case.  If the Court grants Plaintiff's Motion, Defendants respectfully request that the Court stay these proceedings for sixty days to provide USCIS time it requires to adjudicate the original I-485 Application that was the subject of this action.

November 22, 2019

Respectfully submitted,

JESSIE K. LIU
D.C. Bar 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By:   /s/ Daniel P. Schaefer
DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Defendants' Counsel*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 22, 2019, I served the foregoing Response to Plaintiff's Motion to Reopen by electronic means, through the Court's CM/ECF system, and upon Plaintiff by email to:  Saeid.Dousti@rotorsolution.com.

                                  */s/ Daniel P. Schaefer*
                                  DANIEL P. SCHAEFER